894 A.2d 654

IN THE MATTER OF STEPHEN H. SKOLLER, AN ATTORNEY
AT LAW (ATTORNEY NO. 021901983).

March 24, 2006.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 05–199, concluding that **STEPHEN H. SKOLLER** of **MAPLEWOOD,** who was admitted to the bar of this State in 1983, should be suspended from the practice of law for a period one year for violating *RPC* 1.15(b)(failure to deliver client funds promptly), *RPC* 3.1 (assertion of frivolous claims), *RPC*

8.4(c)(conduct involving dishonesty fraud, deceit or misrepresentation), and *RPC* 8.4(d)(conduct prejudicial to the administration of justice);

And **STEPHEN H. SKOLLER** having failed to appear on the Order to Show Cause issued in this matter;

And the Court having determined from its review of the matter that in addition to the ethical violations found by the Disciplinary Review Board, respondent's conduct violated *RPC* 1.2(d)(assisting a client in fraudulent conduct) and *RPC* 4.1(a)(making a false statement), and having concluded that a two-year suspension from practice is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **STEPHEN H. SKOLLER** is suspended from the practice of law for a period of two years and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual

expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.